**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*Attorneys for Plaintiffs*
By:   Mark E. Belland, Esquire   ID#4271985
      Mark E. Poist, Esquire     ID#5562009

| | |
|---|---|
| **SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY, HEALTH & WELFARE, EDUCATION AND UNEMPLOYMENT FUNDS; JOSEPH SYKES, JR. and DEBBIE SCHMIDT, as Trustees and Fiduciaries for SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY FUND; JOSEPH SYKES, JR., as Trustee and Fiduciary for SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 HEALTH AND WELFARE FUND; JOSEPH SYKES, JR. and JERRY HOGAN, SR. as Trustees and Fiduciaries for SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 EDUCATION FUND; JOSEPH SYKES, JR. and DEBBIE SCHMIDT as Trustees and Fiduciaries for SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 UNEMPLOYMENT FUND,**<br><br>322 Squankum-Yellowbrook Road<br>Farmingdale, New Jersey 07727<br>*Plaintiffs,*<br><br>vs.<br><br>**D & S SHEET METAL, INC.; AND THOMAS J. DOWD;** individually, jointly, severally and in the alternative<br>3 Cass Street<br>Keyport, New Jersey 07735<br>*Defendants.* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case No.<br><br><br><br><br><br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.  The jurisdiction of this court is invoked pursuant to Sections 502 and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132 and §1145 respectively, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185.

2.  This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendant(s) have worked in the State of New Jersey.

3.  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.  Plaintiffs, Sheet Metal Workers International Association Local 27 Benefit Funds (the "Funds") are trust funds established and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other insurance benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5.  The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6.  Joseph Sykes, Jr., Debbie Schmidt and Jerry Hogan, Sr., are fiduciaries for

2

the Sheet Metal Workers International Association Local 27 Benefit Funds within the meaning of 29 U.S.C. § 1002(21)(A).

7. The Funds maintain their principal place of business at 322 Squankum-Yellowbrook Road, Farmingdale, NJ 07727.

8. Plaintiffs bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

9. Defendants, D & S Sheet Metal, Inc. ("D & S") and Thomas J. Dowd are collectively referred to as "defendants" " or "employers" or "parties in interest" as defined in 29 U.S.C. §1002(5) and (14) respectively.

10. Upon information and belief, D & S's principal place of business is located at 3 Cass Street, Keyport, New Jersey 07735.

11. Upon information and belief, Defendant Thomas J. Dowd was and/or is doing business located at 3 Cass Street, Keyport, New Jersey 07735.

12. D & S and Thomas J. Dowd conducts and/or has conducted business in the State of New Jersey.

## COUNT ONE

13. The Funds incorporate the allegations in Paragraphs 1 through 12 of this Complaint as if set forth herein in their entirety

14. At all times relevant hereto, Defendant D & S was party to and/or agreed to the Collective Bargaining Agreement in effect between D & S and Sheet Metal Workers International Association, AFL-CIO Local 27 (the "Union") requires that certain

3

contributions be made to Plaintiff Funds on behalf of eligible members who have worked for the Defendant D & S.

15. D & S has failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including but not limited to the period of May 13, 2013 through December 15, 2013 for an approximate amount of $139,326.27.

16. The Defendant D & S has failed to remit the required contributions to the Plaintiff Funds for the benefit of their eligible employees.

17. Payment of the delinquent contributions and penalties assessed against D & S has been demanded by the Funds, but D & S has refused to submit the required payments.

18. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

19. D & S's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

20. This action is brought by the fiduciaries of the above funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty-percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    A. Order Defendant D & S to pay contributions due and owing to the plaintiff Funds;

  B.  Order Defendant D & S to pay interest on the delinquent contributions at the rate as provided by 29 U.S.C. §1132(g);

  D.  Order Defendant D & S to pay liquidated damages as provided by 29 U.S.C. §1132(g);

  C.  Order Defendant D & S to specifically perform all obligations to the plaintiff funds under the collective bargaining agreement;

  E.  Order Defendant D & S to pay Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

  F.  Order such other and further relief as this Court may deem just and appropriate.

## COUNT TWO

21.  The Funds incorporate the allegations of paragraphs 1 through 20 of the Complaint as if set forth herein in their entirety.

22.  On information and belief, Defendant Thomas J. Dowd is a principal shareholder of D & S Sheet Metal, Inc.

23.  On information and belief, Defendant Thomas J. Dowd used the Defendant corporation as an alter ego.

24.  On information and belief, the Defendant corporation did not abide by corporate formalities.

25.  On information and belief, Defendant Thomas J. Dowd misused the Defendant corporation to advance his own interests.

5

26. On information and belief, Defendant Thomas J. Dowd misused the Defendant corporation to avoid paying legitimate claims of creditors, such as the Funds.

27. As a result of the misuse of Defendant corporation, the corporate veil of said corporation should be pierced to impose personal liability on Defendant Thomas J. Dowd for the amounts owed to the Funds.

**WHEREFORE**, the Funds demand judgment against Defendant Thomas J. Dowd, Individually, jointly, severally and in the alternative, for all contributions owed to the Funds, together with lawful interest, liquidated damages, reasonable attorney's fees, costs of suit, and such other and further relief which this Court deems equitable and just.

## COUNT THREE

28. The Funds incorporate the allegations of Paragraphs 1 through 27 of this Complaint as if set forth herein in their entirety.

29. On information and belief, Defendant Thomas J. Dowd is a fiduciary to the Funds.

30. On information and belief, Defendant Thomas J. Dowd exercised control or authority over assets of the Funds.

31. On information and belief, Defendant Thomas J. Dowd had discretionary control over company assets and used money to satisfy company debts other than the debt owed to the Funds.

32. As a result of the misuse of the monies owed to the Funds, Defendant Thomas J. Dowd breached his fiduciary duty to the Funds in violation of Section 409 of ERISA, 29 U.S.C. §1109.

**WHEREFORE**, the Funds demand judgment against Defendant Thomas J. Dowd, Individually, jointly, severally, and in the alternative, for all contributions owed to the Funds, together with lawful interest, liquidated damages, reasonable attorney's fees, costs of suit, and such other and further relief which this Court deems equitable and just.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____
MARK E. POIST, ESQUIRE

Dated: 1/7/14